UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAUREL M. RAMSEY,

                   Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                   Defendant.

**DECISION
and
ORDER**

**18-CV-00430F**
**(consent)**

FILED AUG 27 2019

---

APPEARANCES:    LEWIS L. SCHWARTZ, PLLC
                           LEWIS L. SCHWARTZ, of Counsel
                           Attorney for Plaintiff
                           1231 Delaware Avenue
                           Suite 103
                           Buffalo, New York 14209

                           JAMES P. KENNEDY, JR.
                           UNITED STATES ATTORNEY
                           FRANK D. TANKARD
                           Special Assistant United States Attorney, of Counsel
                           Attorney for Defendant
                           Federal Centre
                           138 Delaware Avenue
                           Buffalo, New York 14202
                                 and
                           PETER JEWETT
                           Special Assistant United States Attorney, of Counsel
                           United States Attorney's Office
                           c/o Social Security Administration
                           Office of General Counsel
                           26 Federal Plaza – Room 3904
                           New York, New York 10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 20). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on February 7, 2019 (Dkt. No. 13), and by Defendant on May 8, 2019 (Dkt. No. 18).

## BACKGROUND

Plaintiff Laurel Ramsey ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on December 17, 2013, for Disability Insurance Benefits under Title II of the Act ("SSDI" or "disability benefits"). Plaintiff alleges she became disabled on November 13, 2013, based on anxiety, ulnar nerve disorder with severe right arm nerve damage, depression and a spinal impairment. (R.[2] 535). Plaintiff's application was denied April 21, 2014 (R. 450), and at Plaintiff's timely request, on February 2, 2015, a hearing was held before administrative law judge George M. Bock ("the ALJ"). (R. 394-433). Appearing and testifying at the hearing were Plaintiff, James Ratchford, Esq. ("Ratchford"), and vocational expert ("VE") Amy Salva ("VE Salva").

On August 2, 2016, the ALJ issued a decision denying Plaintiff's claim (R. 45-60), which Plaintiff appealed to the Appeals Council, with Ratchford appointed to represent

---

[2] References to "R" are to the page of the Administrative Record electronically filed by Defendant on October 4, 2016 (Dkt. 6).

Plaintiff on her administrative appeal. While Plaintiff's administrative case was pending before the Appeals Council, Plaintiff submitted additional medical exhibits including opinions from Buffalo Neurosurgery, that the Appeals Council reviewed and found not relevant to Plaintiff's claim. (R. 2).

On February 6, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. On April 12, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision ("the ALJ's decision").

On February 7, 2019, Plaintiff filed a motion for judgment on the pleadings (Dkt. 13) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 13-1) ("Plaintiff's Memorandum"). On May 8, 2019, Defendant filed a motion for judgment on the pleadings (Dkt. 18) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to the Local Standing Order on Social Security Cases (Dkt. 18-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on May 29, 2019, Plaintiff's Reply (Dkt. 19) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED, Defendant's motion is GRANTED and the Clerk of the Court is directed to close the file.

# FACTS[3]

Plaintiff Laurel Ramsey ("Plaintiff" or "Ramsey"), born on December 15, 1969, was 43 years old as of November 13, 2013, her alleged disability onset date ("DOD"), and 46 years old as of December 31, 2016, Plaintiff's date last insured for purposes of obtaining SSDI benefits. Plaintiff graduated from high school and completed two years of college and has past relevant work experience as a construction laborer, heavy equipment operator, air control tender, home health care aid and waitress. (R. 536).

The ALJ found Plaintiff has the severe impairments of lumbar spine degenerative disc disease status post-surgery, cubital (ulnar nerve) tunnel syndrome status post-surgery in 2013, bipolar disorder, anxiety disorder, depression, post-traumatic stress disorder ("PTSD"), and experienced cognitive decline in 2014 (R. 47), but that none of these impairments, either alone or in combination with the others, posed more than a minimal effect on Plaintiff's ability to work (R. 48), and that Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work with limitations including occasionally lifting, carrying, pushing and pulling 10 pounds, and five pounds frequently, walking no more than two hours in an eight-hour workday, no work that involves climbing ladders, ropes or scaffolds, crawling, working overhead, climbing more than two-to-three flights of stairs daily, exposure to extreme cold, or work requiring forceful grasping or twisting with the right dominant hand, limited to simple, repetitive, unskilled work, that does not involve complex instructions or require interaction with the general public, restrictions that would prevent Plaintiff from performing her past relevant work

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

4

("PRW"), as a waitress, home health aide, air control tender, construction laborer, and heavy equipment operator. (R. 59).

## DISCUSSION

**1. Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has

5

instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

2. **Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[5] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[5] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

applicant's "residual functional capacity," which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, see 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, id., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008).

Plaintiff does not contest the ALJ's findings with regard to the first, second and third steps of the five-step disability review analysis but argues the ALJ erred evaluating Plaintiff's residual functional capacity as the ALJ failed to include the finding of consultative examiner Donna Miller, D.O. ("Dr. Miller"), that Plaintiff was capable of performing occasional (up to one-third of the time) reaching, handling, fingering, feeling, pushing and pulling with the right hand (R. 891), and that the jobs to which the VE testified that Plaintiff was capable of performing required hand manipulations on a frequent basis (occurring from one-third to two-thirds of the time). Plaintiff's Memorandum at 20-22. Defendant maintains that the ALJ properly weighed Dr. Miller's

evaluation of Plaintiff's limitations as such limitations were inconsistent with Dr. Miller's own medical source statement (Plaintiff had a moderate limitation to heavy lifting, bending, carrying, pushing and pulling), and Plaintiff's normal electromyogram ("EMG") test results on August 18, 2014.[6] Defendant's Memorandum at 9-11. Plaintiff's argument is without merit.

In particular, on March 7, 2016, Bennett Myers, M.D. ("Dr. Myers"), Plaintiff's treating physician, reviewed an EMG of Plaintiff's right upper extremity that showed normal results with some slowing of Plaintiff's ulnar sensory response. (R. 1374). During Dr. Miller's consultative examination on April 14, 2016, Dr. Miller noted on three separate occasions that Plaintiff "did not appear [to be] putting full effort into the examination" and had only a moderate limitation to heavy lifting, bending, carrying, pushing and pulling, such limitations the ALJ included in the residual functional capacity assessment of Plaintiff (R. 50, 888). On August 18, 2014, Dr. Myers reviewed Plaintiff EMG results, opined that Plaintiff's right-hand stiffness was likely functionally related (not physically related), and recommended that Plaintiff discuss her functional limitations with a psychiatrist, and perform range of motion exercises several times daily. (R. 1143). The ALJ's residual functional capacity assessment that includes no limitation to Plaintiff's ability to reaching, handing, fingering, feeling, pushing and pulling, is therefore supported by substantial evidence, *i.e.*, the opinions of Drs. Myers and Miller indicating Plaintiff has no significant exertional limitations. *See Matta V. Astrue*, 508 Fed. App'x. 53, 56 (2d Cir. 2013) (ALJ's residual functional capacity finding need not perfectly correspond to medical source opinions where residual functional capacity

---

[6] An EMG is an electrical test of an individual's muscles and nerve cells that control the muscles.

8

is consistent with the record as a whole). Plaintiff's motion on this issue is therefore DENIED.

The record also demonstrates there is no merit in Plaintiff's contention that Defendant erred in failing to address new evidence submitted to the Appeals Council and provide good reasons for rejecting the opinion of P. Jeffrey Lewis, M.D. ("Dr. Lewis"), that Plaintiff's 2014 spinal surgery was unsuccessful, Plaintiff's Memorandum at 22-26; Plaintiff's Reply at 3-5. Specifically, the Appeals Council determined that Plaintiff's newly submitted evidence provided no basis for changing the ALJ's decision as the evidence pertained to a period of time after December 31, 2016, Plaintiff's date last insured. (R. 2). Defendant also maintains that the Appeals Council's determination was without error as such evidence was cumulative to, and included in the ALJ's decision on August 5, 2016, and therefore neither new nor material. Defendant's Memorandum at 12-13.

The relevant regulations provide that the Appeals Council must consider evidence submitted after the ALJ's decision while the appeal is pending, so long as the evidence is new, material, and related to the period on or before the ALJ's decision. 20 C.F.R. § 404.970(a)(5). In this case, Dr. Lewis's opinion that Plaintiff's spinal surgery on December 20, 2014 was unsuccessful and that Plaintiff's April 2016 magnetic imaging scan ("MRI"), showed severe lumbar stenosis at Plaintiff's L3-L4[7] disc segments (R. 12), is dated March 17, 2017, three months after Plaintiff's date last insured of December 31, 2016. Such evidence is considered new and material as it relates to Plaintiff's spinal surgery performed before the ALJ's decision. (R. 45). In this case, however, no error

---

[7] L3 and L4 represent numbered disc segments of an individual's lumbar spine.

9

results from the Appeals Council's decision not to reconsider or alter the ALJ's findings in response to Plaintiff's newly submitted evidence. Significantly, the ALJ included "[Dr. Lewis's] objective findings in the [ALJ's] residual functional capacity assessment, specifically limiting Plaintiff to a level of work with sedentary exertion" (R. 54), with limitations to standing and walking no more than two hours in an eight-hour workday, sitting no more than six hours in an eight-hour workday, pushing and pulling 10 pounds, with no climbing ropes, scaffolds or ladders or climbing more than three flights of stairs each day." (R. 50). Contrary to Plaintiff's assertion, the ALJ incorporated Dr. Lewis's findings and Plaintiff's new evidence into the ALJ's residual functional capacity assessment of Plaintiff (R. 17) thus negating the necessity for further review by the Appeals Council. *See Bushey v. Colvin*, 552 Fed. App'x. 97, 98 (2d Cir. 2010) (no remand required where newly submitted evidence does not so dramatically alter the weight of evidence supporting disability claim to require the Appeals Council take action). Plaintiff's motion on this issue is therefore also DENIED.

Plaintiff's further contention, Plaintiff's Memorandum at 20-32, that the ALJ substituted the ALJ's judgment for that of Plaintiff's physician Dr. Myers, Plaintiff's Memorandum at 27-35, in evaluating Plaintiff's residual functional capacity assessment is also without merit. The ALJ relied on "the record as a whole" in finding Plaintiff was limited in her ability to interact with the general public (R. 57), and as discussed, Discussion, *supra*, at 7-8, properly supported Dr. Miller's residual functional capacity assessment of Plaintiff with substantial evidence, particularly Plaintiff's EMG results and Dr. Myer's opinion that Plaintiff had no significant functional limitations, and therefore included proper limitations in the ALJ's residual functional capacity assessment and

limitations to Plaintiff's ability to perform sedentary work. Plaintiff's motion on this issue is DENIED.

## CONCLUSION

Based on the foregoing, Defendant's Motion (Dkt. 18) is GRANTED; Plaintiff's motion is DENIED, and the Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ Leslie G. Foschio
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: August 26, 2019
           Buffalo, New York